Plaintiff was seriously injured while repairing the roof of a tenement house of Mrs. Allie R. Hodges in the City of Shreveport, which had been damaged by fire. She was protected against loss from fire by policies of insurance issued by the Hartford Fire Insurance Company of Hartford, Connecticut, and two other companies.
Plaintiff alleges that he was employed to do the repair work by both the named insurer and Floyd R. Hodges, Jr., individually and as the agent and mandatary of Mrs. Hodges "for the purpose of repairing and constructing buildings" in said city. He impleaded said insurer and Mr. Hodges, individually and as agent of Mrs. Hodges, in this suit to recover workmen's compensation. He further alleges that: "* * * in adjusting said loss with the said Mrs. Allie R. Hodges and the said Floyd R. Hodges, Jr., said insurance company undertook to make the necessary repairs and place the building in the same condition it was before the said fire, and the said Hartford Fire Insurance Company thereupon employed and assisted the said Floyd R. Hodges, Jr., individually and as agent for the said Mrs. Allie R. Hodges, in employing petitioner to repair the roof on said building, and the said Hartford Fire Insurance Company paid petitioner's wages for said work, through the said Floyd R. Hodges, Jr.
* * * * *
"That the said Floyd R. Hodges, Jr., and the said Mrs. Allie R. Hodges, the former acting as her agent in that respect, were engaged in the hazardous business of repairing and renting houses to tenants in the City of Shreveport and its environs, the former as an incident and part of his business of conducting and operating steam laundries in the City of Shreveport; and that the said Hartford Fire Insurance Company, as an incident to and as an integral part of its business of fire insurance, was engaged in the business of repairing or rebuilding houses destroyed by fire and covered by insurance policies issued by the said Hartford Fire Insurance Company; and that, in the exercise of that hazardous business of rebuilding and repairing destroyed or damaged houses, plaintiff was employed by the said Hartford Fire Insurance Company and by the said Floyd R. Hodges, Jr., acting as aforesaid, and the said Hartford Fire Insurance Company issued the pay for the work done by plaintiff to the said Floyd R. Hodges, Jr., who in turn delivered it to plaintiff."
Mrs. Hodges was not personally served with process. She excepted to the petition and citation served on Mr. Hodges as her agent on the ground that he was not authorized to receive service nor stand in judgment for her. The exception was sustained from which no appeal was taken. Therefore, Mrs. Hodges is no longer a party to the suit.
Exceptions and pleas were filed in limine on behalf of the other two defendants, some of which were sustained, while others were overruled. Those which were overruled are no longer urged and will not be discussed nor passed upon.
Answering, Floyd R. Hodges, Jr., denies each and every allegation of fact relied upon by plaintiff for recovery except that he was injured while repairing said damaged building. He specifically denies that he had any proprietary interest in the damaged building or that he, on his own account, employed plaintiff to do the repair work. He admits accompanying Mrs. Hodges, who is his mother, to the office of the local insurance agent, through whom insurance *Page 254 
on the building was effected, at which time she reported the loss to it.
The insurance company also denies all of the allegations of the petition save that it carried part of the insurance on the building. Further answering, this defendant avers that on or about January 13, 1940, Mrs. Hodges, accompanied by her said son, called on its local agent, Chase and Kline Insurance Agency, and reported the fire loss and then stated that due to bad weather conditions the tenant of the building was complaining and that she desired to have the loss adjusted and the repairs made as speedily as possible, whereupon Mr. H.M. Holland, defendant's special agent, informed her that it was permissible for her to proceed with the repairs and that the loss could be adjusted at a later date; that said loss was thereafter adjusted and the amount thereof paid by the three insurers.
Further answering, this defendant expressly denies that it has ever employed or had any business dealings with plaintiff; nor has Floyd R. Hodges, Jr., ever acted as its agent. In the alternative, it is denied that this defendant is amenable to the provisions of the Employers' Liability Act, Act No. 20 of 1914.
Plaintiff's demand was rejected as against both defendants and he appealed.
The allegations of fact set up in the answers of defendants are sustained by uncontradicted testimony. In fact, there is no serious dispute about them.
After the visit of Mrs. Hodges and her son to the insurer's local office and receiving the permission of the special agent to have the repairs made, Mr. Hodges, an as accommodation to his mother, busied himself about having the work done that afternoon. It was then about the noon hour of a Saturday. He knew that union carpenters would not work that afternoon and sought the assistance of an officer of a local retail lumber concern, who put him in touch with plaintiff. Mr. Hodges authorized plaintiff to do the work. The lumber company delivered the necessary material to repair the damaged roof. Plaintiff was injured within a few hours after the work began. He had engaged the services of another carpenter to assist him and this man completed the repairs after the accident happened.
Mr. Hodges paid the labor bills from his company's funds and was thereafter reimbursed by Mrs. Hodges. She, personally, paid for the materials used in making the repairs. The fire loss was adjusted within thirty days and the three insurers issued to her their own proportionate checks to cover the loss.
It is certain Mr. Hodges had no personal interest in the damaged building and that what he did toward having the repairs hastily made was on behalf of his mother, purely out of their relationship. He is not engaged in house building or repairing as a business. He owns and operates a laundry and dry-cleaning business in the City of Shreveport which has no connection whatever with his mother's affairs nor with her property.
It is not shown that Mrs. Hodges is engaged in house construction or repairing as a business and even if she were so engaged and it was proven, that fact would not subject Mr. Hodges, acting as he did, to the payment of workmen's compensation to plaintiff, his mother's employee.
Every person engaged to work for a corporation or a partnership is employed by an officer or agent of the employer. There is no other method of effectuating such relationship but it has never been contended, so far as our knowledge extends, that by so acting the officer or agent exposes himself equally with his principal to the payment of workmen's compensation should the employee suffer accident while performing his duties. Such liability arises only from the relationship of employer and employee. Therefore, plaintiff is without right to hold Mr. Hodges for compensation for his injuries and consequent disability.
Plaintiff's demand as against the insurance company is obviously without foundation. There is not a scintilla of testimony to support the allegation that this defendant "was engaged in the business of repairing or rebuilding houses destroyed by fire" on which it carried insurance; and even though these allegations had been proven, the facts of the case would exonerate this defendant from liability to plaintiff. By no stretch of the imagination can it be said that plaintiff was employed by this company to repair the building. It had no dealings with him and paid him no part of his wages. All this company did was to consent that the insured have the repairs speedily made on her own account, before the loss was adjusted, with the assurance that the loss would be adjusted in due course. This course, it is well known, is often followed in cases of this character. *Page 255 
Plaintiff did not even know that the building was insured, and, of course, did not look to the insurer for payment of his wages. He expected Mr. Hodges to do this and he did so.
The right of the insurer to personally have repairs of the character herein described made is generally provided for in the policy of insurance, but if such provision was incorporated in the policy involved herein, the right was not availed of. The policy, however, was not introduced in evidence.
The judgment is affirmed with costs.
DREW and HAMITER, JJ., concur.