349 So.2d 1364 (1977)
John S. BREWTON, Jr., Plaintiff-Appellee,
v.
L. L. BREWTON LUMBER COMPANY, INC., Defendant-Appellant.
No. 13303.
Court of Appeal of Louisiana, Second Circuit.
August 29, 1977.
Rehearing Denied September 26, 1977.
*1365 Bice, Russell & Allen by Charles B. Bice, Winnfield, for defendant-appellant.
Martin S. Sanders, Jr., Winnfield, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied September 26, 1977.
HALL, Judge.
After being injured in a highway accident while returning to Winnfield from a logging site, plaintiff brought this workmen's compensation suit against the defendant lumber company for which he regularly and exclusively cut and hauled pulpwood and logs. The district court awarded plaintiff benefits for total and permanent disability, medical expenses, penalties and attorney's fees.
Defendant appealed, contending that:
(1) Plaintiff was not an employee of the defendant but was an independent contractor who did not spend a substantial part of his work time in manual labor and, therefore, is not covered by the Workmen's Compensation Law;
(2) The accident did not occur within the course of plaintiff's employment or in the course of his contract with the defendant in that plaintiff had completed his workday and was on his way home at the time of the accident;
(3) Plaintiff's claim for medical expenses has prescribed in that plaintiff did not allege nor pray for medical expenses in his original or amended petitions, the issue being raised for the first time at the trial of the action more than four years after the medical expenses were incurred; and
(4) The defenses raised were serious and in good faith, defendant's refusal to pay benefits was not arbitrary and capricious, and it should not be cast for penalties and attorney's fees.
This court finds no manifest error in the decision of the district court resolving each of the issues adversely to defendant and we affirm the judgment appealed from.
Plaintiff and his father were engaged in cutting and hauling wood and logs regularly and exclusively for defendant for a period of at least two years prior to the accident. They owned and furnished four trucks and various tools and equipment, and employed a crew of men to do the work. Defendant's buyer negotiated with plaintiff for cutting and hauling from tracts of land on which defendant had bought the right to cut timber. Plaintiff was paid on the basis of an agreed amount per cord or per thousand board feet cut and hauled to the mill, the amount taking into consideration the distance of the tract from the mill. Plaintiff paid his own employees and his other expenses.
*1366 Plaintiff kept his trucks at a Winnfield service station which served as a terminal for his operations. Plaintiff's workday began with the entire crew meeting at the service station and then departing for the tract or tracts to be worked that day. His workday ended after the last delivery of logs to the mill when the trucks and crew returned to the service station.
In the field, in addition to his supervising duties, plaintiff regularly operated a hydraulic loader on the job site and frequently drove trucks to the mill. On the day of the accident he had operated the hydraulic loader and a bulldozer all day.
The accident happened about four o'clock in the afternoon while plaintiff was returning to Winnfield from a logging site. He was riding as a passenger in his pickup truck which was following trucks carrying the day's last load of logs to the mill. It was plaintiff's responsibility to see that the trucks were unloaded at the mill although plaintiff's presence at the mill was not always required.
The trial court found that plaintiff was either an employee of the defendant or an independent contractor who spent a substantial part of his work time in manual labor. Defendant contends that plaintiff was not an employee and that the evidence does not support a finding that, as an independent contractor, he did substantial manual labor. There is ample evidence in the record to support the trial court's conclusion that a substantial part of plaintiff's work time was spent doing manual labor in carrying out his responsibilities. He regularly operated the hydraulic loader and on the day of the accident had worked all day on the loader and a bulldozer. Plaintiff was either an employee or an independent contractor performing substantial manual labor and is covered by the Workmen's Compensation Law. LSA-R.S. 23:1021(6); Crow v. Jones, 233 So.2d 58 (La.App.2d Cir. 1970); Woodard v. Southern Casualty Insurance Company, 305 So.2d 528 (La.1974).
Defendant contends plaintiff was returning home from work and points out the general rule is that an accident which occurs while an employee is going to or returning from work is not considered as occurring within the course of his employment. The trial court concluded that plaintiff was injured while seeing that the last load of wood and logs was properly delivered to the defendant's mill. This conclusion is reasonable and in accord with the testimony offered by plaintiff. It was part of his responsibility to oversee the delivery and unloading of logs at the mill and the course of his employment continued until that was done. Whether plaintiff actually intended to go to the mill himself or whether he intended to fulfill this responsibility by meeting the drivers at the service station when they returned with the trucks is immaterial. He was pursuing the interests of his employer or principal and was within the course of his employment at the time the accident happened.
Defendant argues that plaintiff's claim for medical expenses prescribed. The original petition, filed in 1972, did not allege that medical expenses had been incurred nor did it pray for recovery of medical expenses. About four years later, shortly before trial, plaintiff filed an amended petition praying for penalties and attorney's fees, and alleging that defendant had failed to pay either benefits or medical expenses. The amended petition did not, however, pray for recovery of medical expenses. At the trial, plaintiff offered evidence of his medical expenses and the defendant objected to this evidence as being beyond the pleadings. Plaintiff moved that the pleadings be amended to conform with the evidence. LSA-R.S. 23:1315 and 1317 expressly provide that in workmen's compensation cases the court may in its discretion allow amendments of the petition at any stage of the proceedings, and that the court shall not be bound by technical rules of evidence or procedure. LSA-C.C.P. Art. 1154 provides that the court shall freely *1367 allow amendment of the pleadings when the admission of such evidence would not prejudice the opposing party's action or defense on the merits. There was no showing that the defendant was surprised or prejudiced by the amendment of the pleadings or the admission of the evidence. The trial court properly allowed the amendment and considered the evidence which established the amount of medical expenses which plaintiff incurred by reason of the accident.
LSA-C.C.P. Art. 1153 provides that when the action asserted in an amended petition arises out of the conduct, transaction or occurrence set forth in the original pleading, the amendment relates back to the date of filing of the original pleading. The claim for medical expenses asserted by amendment of the petition arises out of the compensable accident alleged in the original petition, which was filed within the one-year prescriptive period. The claim for medical expenses should be considered as having been timely filed and is not prescribed. See Lemieux v. Cousins, 154 La. 811, 98 So. 255 (1923).
Defendant's final contention is that the trial court erred in allowing penalties and attorney's fees. LSA-R.S. 23:1201.2 provides that when failure to make payments is found to be arbitrary, capricious or without probable cause the employer shall be subjected to penalties and attorney's fees. We accept defendant's argument that its defenses have been asserted seriously and in good faith. Nevertheless, the defenses are without a solid or substantial basis either in fact or in law. The facts of this case were virtually undisputed, as shown by the fact that defendant called no witnesses to contradict any of the facts asserted by plaintiff. On each of the issues asserted by defendant, the law is well settled as applied to the established facts. The trial court's determination that defendant's failure to pay benefits was arbitrary, capricious and without probable cause is correct.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.