382 So.2d 1046 (1980)
Sarah J. CAMPBELL, Plaintiff-Appellee,
v.
BAKER, CULPEPPER & BRUNSON et al., Defendant-Appellant.
No. 14110.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Rehearing Denied May 13, 1980.
Writ Refused June 23, 1980.
*1047 Baker, Culpepper & Brunson by Bobby L. Culpepper and J. Michael McDonald, Jonesboro, for defendants-appellants, Baker, Culpepper & Brunson, William H. Baker, Bobby L. Culpepper and Donnie G. Brunson.
Fuhrer & Flournoy by George A. Flournoy, Alexandria, for plaintiff-appellee.
Before MARVIN, JONES and McCLENDON, JJ.
En Banc. Rehearing Denied May 13, 1980.
MARVIN, Judge.
In this worker's compensation case, the defendant law firm appeals a judgment awarding benefits to the claimant who was employed as a lawyer for the firm. Claimant answers the appeal, seeking penalties and attorney fees and an increase in the weekly amount ordered to be paid. We amend to allow penalties and attorney fees and affirm.
The issues concern the claimant's alleged deviation from her route to purchase lunch at a fast food restaurant while on a business errand (whether the accident arose out of and occurred during the course and scope of her employment), the amount awarded ($50 per week for impairment of a physical function less credit for amounts owed and to be paid for the period of her temporary total disability), and whether the employer should be assessed with attorney fees and penalties because of the refusal to pay benefits, including medical expenses (whether arbitrary and without probable cause).
The facts are virtually undisputed. On October 3, 1977, claimant was instructed to drive approximately 21 miles from Jonesboro to Ruston to attend to firm business, and it was understood that claimant would return to her office after completing the business. After completing the business at the Lincoln Parish Courthouse, claimant drove approximately one block off the Jonesboro-Ruston Highway to a fast food restaurant where she purchased food to eat on the return trip to Jonesboro. When she was driving out of the restaurant parking lot, she was injured in an automobile accident. The law firm customarily reimbursed its employees for mileage and for meals they ate when away from Jonesboro on firm business. Defendant did not forbid claimant to purchase her lunch in Ruston. Claimant decided to eat in her automobile during the return trip to Jonesboro to save time for firm work which was awaiting her at the firm office.
The defendant states that it is the firm's policy that if employees get through with out-of-town work in time, they should return to Jonesboro to eat rather than eating away from town at the firm's expense. Defendant stipulated that the accident occurred at "twelve fifteen or twelve thirty [p. m.]", but argues that claimant could have easily been back in Jonesboro by 12:10 p. m. at the latest if she left the Ruston Courthouse about 11:45 as she indicated. Defendant contends the claimant would not have been within the course of her employment during her lunch hour in Jonesboro. Whether this contention is correct cannot be answered in the abstract. See Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4th Cir. 1976); Lavier v. *1048 Maclellan, 247 So.2d 921 (La.App. 4th Cir. 1971); Clark v. Employers Liability Assur. Corp., 27 So.2d 464 (La.App. 1st Cir. 1946); Lebourgeois v. Lyon Lumber Co., 6 La.App. 216 (1st Cir. 1927); Malone-Johnson, "Worker's Compensation", Vol. 7, La. Civil Law Treatise § 163.
Defendant contends that there was a "clear deviation" by claimant from her employment and that claimant "abandoned her post", relying on such cases as Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973). These cases are totally inapposite because they do not concern a traveling employee away from the employer's premises on a business errand, but concern an inside employee who is injured when he leaves the employer's business premises on a personal errand. Lisonbee, for example, was required to remain on at the employer's mill and make appointed rounds as a night watchman even during meal time during an eight hour period. He was fatally shot at a grocery store across the street from the employer's mill and was found not to have been within the course of his employment. The accident was held not to have arisen out of his employment.
Most of the deviation cases arise when an employee is on a business errand in a vehicle. A deviation which is brief in time and slight in distance is often entirely ignored as insubstantial. Related cases are those in which an employee has completed what has been a substantial deviation. In such situations, the deviation being completed, the employee is regarded as having legally reentered the course of his employment.
"In those cases in which it is clear that re-entry has occurred, compensation has been uniformly allowed." Malone-Johnson, § 174, p. 377.
Re-entry occurs when the employee turns back toward the direction of the employment destination for the purpose of discharging his employment duties. Jagneaux v. Marquette Casualty Company, 135 So.2d 794 (La.App. 3d Cir. 1961); 14 Tulane L.R. 72. See also Larson, Workmen's Compensation, § 19, § 20.
The alleged deviation is not "clear", as defendant argues. The distance and time factors are not great or substantial, but are minimal. The circumstances strongly indicate, as the trial court noted, that claimant was serving her employer's interest by eating in the automobile while driving back to Jonesboro. Green v. Heard Motor Co., 224 La. 1078, 71 So.2d 849 (1954); Davis v. Home Insurance Company, 291 So.2d 455 (La.App. 2d Cir. 1974). Where an employer pays an employee on a mileage basis for use of the employee's vehicle or where the employer furnishes transportation to an employee, the employee is in the course of employment if he is injured on the way to or from his work. See Malone-Johnson, § 170, and cases cited therein.
Defendant contends that claimant failed to call the firm clients she saw in Ruston to corroborate her testimony about how she spent her time. Again this relates to the contended deviation. Even should we assume a deviation by this claimant, the circumstances compel the conclusion that she had completed her mission to purchase food (the contended deviation) when she left the restaurant and entered her automobile to return toward her business route. Whether or not a deviation is found, this accident occurred during the course of the claimant's employment.
The arising-out-of question is not troublesome even though interdependent to the course-of question. Arising-out-of refers to the nature and origin of the risk. Lisonbee, supra. This claimant was in Ruston at the instruction of her employer and a particular risk to which she was exposed was injury in a motor vehicle accident. Malone-Johnson, Chapter 9; Lisonbee, supra.
Claimant sustained injuries and aggravations to her spine in the accident and was treated conservatively for several months without success. About 11 months after the accident she underwent a lumbar laminectomy to relieve the pain which had progressed to become disabling. She eventually returned to work about two months after the operation with a 10-15 percent *1049 permanent residual disability of her body, according to the medical expert. The lower court awarded her $50 per week for the impairment of a physical function (LRS 23:1221(4)(p)) for 100 weeks and found her to have been totally disabled from August 11 through November 23, 1978. Judgment also awarded compensation (stipulated at $130 per week) for this period of temporary total disability. Trial courts have much discretion in determining the weekly amount which may be due for the 100 weeks for impairment of a physical function. Any amount between the statutory minimum and maximum may be awarded. LRS 23:1201; Ventress v. Daniel-Ryder, Inc., 225 So.2d 765 (La.App. 3d Cir. 1969); Malone-Johnson, §§ 283, 286. We do not find an abuse of discretion in this respect.
The question of attorney fees and penalties is not a question of discretion or a question of the seriousness and good faith of the asserted defenses. Brewton v. L. L. Brewton Lumber Co., Inc., 349 So.2d 1364 (La.App. 2d Cir. 1977). LRS 23:1201.2 provides that the employer shall be subject to penalties and attorney fees when the failure to make payment is arbitrary, capricious or without probable cause. If the asserted defenses are without a sound basis in fact or in law, penalties and attorney fees shall be assessed. Brewton, supra at p. 1367. The facts in Brewton are not inapposite. Defendant argued that the claimant was neither an employee nor an independent contractor performing substantial manual labor because he merely supervised a crew of men to supply wood to defendant. Claimant was a passenger in his own pickup which was following one of his own trucks which was hauling the last load of logs for the day to defendant's mill when the accident occurred. The claimant was not required to be present at the mill but had the general duty to supervise the hauling of wood to the mill. Claimant kept his trucks at his service station where they were serviced and where he and his employees began and ended their work day. Claimant was paid on the basis of wood delivered. In addition to supervision of the cutting and hauling, the claimant regularly operated the equipment used in the woods and frequently drove trucks to the mill. The arguments made there, factually and legally, were found to have been made seriously and in good faith. Attorney fees were allowed because the defendant called no witnesses to contradict facts which were asserted by the claimant and which were found to be "virtually undisputed", and because the law on the established facts was "well settled".
The facts and the law here are likewise undisputed and settled. If this accident had occurred in Jonesboro during the noon hour, Huett v. Insurance Company of North America, supra, might be considered on this issue. There the employee of a grocery was injured in a fall on the sidewalk adjacent to the store after she left the store during the noon hour to go home for lunch. Compensation was allowed, but attorney fees and penalties were not assessed. There the reasonable entry and exit theory, which had been applied in cases of going to and from work, was extended to apply to going to and returning from lunch away from the employment premises. Time and distance, a factual proximity issue, gave rise to the "serious [legal] issue of whether plaintiff's injury occurred during the course of her employment." While attorney fees were not allowed there, the course of employment issue was decided against, and not in favor of, the employer. That case might support this claimant on the penalty-attorney fee issue even if the course-of issue here was a true entrance-exit question from the employer's premises. But here the claimant is a traveling employee on a business errand while away from the employment premises.
Defendant also contends that claimant had as much trouble with her back and missed as much time from work before the accident as she did afterward. Defendant also complains that it was not furnished with any medical reports until immediately prior to trial. Certainly this defendant law firm is aware that a Louisiana employer takes his employees as he finds them. Self *1050 v. Riverside Companies, Inc., 382 So.2d 1037 (La.App. 2d Cir. 1980).
Defendant learned of the accident the day it occurred and had a firm secretary make an appointment for claimant to see a medical doctor. The accident occurred on October 11, 1977 and claimant remained in defendant's employ until August 11, 1978. Suit was filed September 15, 1978 and was not tried until June 19, 1979. During the interim, defendant took depositions of claimant and her doctor. Defendant was furnished medical and other reports on the status of the claimant through August 20, 1978, the time she was admitted to the hospital where she eventually underwent surgery. In the summer of 1978, about a month before claimant left her employment, she submitted her medical bills to defendant and asked about worker's compensation insurance and was answered evasively.
In its answer filed September 22, 1978, defendant denied the allegations of claimant having been in the accident or having "timely" reported it. Claimant and defendant's employees testified about claimant's reporting the accident and nothing contradicts this testimony. Demand was made on defendant, at least by the filing of the suit in September 1978. Under these circumstances, there is no sound basis in fact or in law for us to conclude otherwise than that the claimant was injured in an accident while in the course of her employment, and which arose out of her employment. The medical evidence is uncontradicted that the accident was the cause of claimant's temporary total disability and the permanent impairment of a physical function. Malone-Johnson, § 286. Demand for compensation benefits was made on, and was refused, by defendant. Defendant was arbitrary and without probable cause in refusing to pay benefits and medical expenses. Malone-Johnson, supra, § 389.
Attorney fees may be fixed by an appellate court. Albritton v. McDonald, 363 So.2d 925 (La.App. 2d Cir. 1978). This case was filed in September, 1978. The trial took one day. Two depositions were taken. The case was briefed here and below. A motion for new trial was heard and argued. The judgment will total $5,000 in principal compensation benefits and over $6,000 in medical expenses. We deem $3,000 will constitute reasonable attorney fees.
Judgment is amended to award statutory penalties and $3,000 attorney fees and, as amended, at defendant's cost, judgment is AFFIRMED.