CHEHARDY, Judge.
Plaintiff, Allen James, appeals a district court decision in favor of defendants, Ace Freight Line, Inc. (Ace); Insurex International, Inc.; and Winn-Dixie of Louisiana, Inc. (Winn-Dixie), and against the plaintiff, granting a summary judgment in favor of the defendants and dismissing the plaintiff’s case at his costs.
In his petition, plaintiff alleged that on or about October 27, 1975 he was employed by Ace and Winn-Dixie and during the course and scope of his employment he was injured, entitling him to workmen’s compensation benefits.
Subsequent to answering the suit, defendants filed motions for summary judgment along with affidavits stating that the plaintiff was not in the employ of Winn-Dixie on October 27,1975; Winn-Dixie had not contracted with Ace or any other carrier to deliver goods to the Winn-Dixie Warehouse on October 27, 1975; and Ace was at no time the employer of James, particularly on October 27, 1975. The plaintiff filed an affidavit stating that he was performing manual labor on behalf of Ace and Winn-Dixie in the course of loading and unloading vehicles under the direction of the supervisor for Ace and for Winn-Dixie at its warehouse facility at the time of the accident.
By deposition James described his occupation as “truck hustler.” He said he would “catch” trucks at a truck stop and ask the driver to hire him, but he added he did not know the name of the driver of the Ace truck who picked him up on the occasion of the date of his injury and although he had been picked up previously by other Ace drivers, he had never delivered with that particular driver before. He stated that besides Winn-Dixie, he had helped deliver to other places such as National Foods and A & P.
He said in this particular work situation the driver tells a Winn-Dixie employee at its warehouse that he has a helper and secures a pass for both of them, but the helper does not give his name. He said on occasion the Winn-Dixie personnel would tell him how they wanted the cargo stacked, but he received no instructions from them on the date of the accident.
James said he was always paid by the truck driver when he hustled — $40 for unloading a whole load and $25 if the driver helped him, as on the occasion when he was injured. He stated there was never any contract (written) between him and the driver and he received no pay from Winn-Dixie. He also said he was involved in a subsequent accident while hustling on October 16, 1976 and has not worked since that date.
Plaintiff argues on appeal that he should be considered an employee of Ace and Winn-Dixie because the nature and extent of control exercised by those defendants over vehicles and truck hustlers working out of the location of the Winn-Dixie warehouse was in furtherance of the businesses of Ace and Winn-Dixie.
We do not agree and affirm.
The cases cited by appellant are not applicable to the case at bar. In Brewton v. L. L. Brewton Lmbr. Co., Inc., 349 So.2d *654 1364 (La.App. 2d Cir. 1977), the court found that the workmen’s compensation claimant was either an employee of the lumber company for which he cut and hauled lumber or an independent contractor of that entity performing substantial manual labor, thereby entitling him to workmen’s compensation benefits under LSA-R.S. 23:1021(5).
In Lushute v. Diesi, 354 So.2d 179 (La.1977), the court also stated that an independent contractor is covered under the Workmen’s Compensation Law only when a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is part of the principal’s trade, occupation or business, a factual issue to be determined under the circumstances of each case.
Similarly, in Timberlake v. Avis Rent A Car System, 361 So.2d 934 (La.App. 4th Cir. 1978), this court also held that a person who contracted with a car rental agency to drive an automobile to a specific destination for a stated price was performing manual labor and, therefore, not an independent contractor for workmen’s compensation purposes.
In Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972), the court also held (as noted by defendants) that the workmen’s compensation statute does not apply where the transaction between the claimant’s immediate employer and the person sought to be held liable as his employer is that of purchase and sale or where some other relationship other than that of principal and contractor exists between them.
In the present case, however, the plaintiff himself admitted by way of testimony in his deposition that the only person for whom he had contracted to do any work was the individual truck driver who picked him up that day, a person not even named as a defendant in this suit. By affidavit, moreover, Winn-Dixie has disclaimed a contractual relationship with Ace for hauling, and no contractual relationship was shown between the driver who hired James and Ace.
LSA-C.C.P. art. 966 establishes that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
In the present case plaintiff by his own admissions failed to establish any employer-employee relationship or contractual one between himself and either Winn-Dixie or Ace. Accordingly, there is no basis in law for granting him workmen’s compensation benefits from either of these two parties. Since there was no genuine issue as to material fact and defendants were entitled to judgment as a matter of law, the granting of summary judgment in their favor was proper. Accordingly, the district court decision, dismissing the plaintiff’s case at his costs, is affirmed.
AFFIRMED.