SAVOIE, Judge.
This is an appeal from a denial of worker’s compensation benefits. We reverse.
The appellant, Hattie M. Franklin, was injured on September 13, 1977, when she fell while on the job as a short-order cook at the Holiday Restaurant in Houma, Louisiana. It is undisputed that this work-related accident occurred and that more than two years later, in January of 1980, she had two ruptured spinal discs surgically removed.
The extensive medical evidence in the form of treatment records, doctors’ testimony and depositions introduced on the trial of this case shows that Hattie M. Franklin was under a doctor’s care almost continually between the time of the accident on September 13, 1977, and the time of the surgery on January 15, 1980.
The records show forty visits to the doctor during this period. The longest period between visits was five months, between October 12, 1979 and March 12, 1979. Other than this gap, there are recorded visits almost every month. It is undisputed that Hattie M. Franklin complained of back pain the whole time. There is no evidence of such complaints before the slip and fall in September, 1977.
The issue here is the application vel non of a presumption in favor of the claimant.
This case is strikingly similar to the recent case of Dixon v. Ruby’s Inc., 389 So.2d 73 (La.App. 1st Cir. 1980). There, a short-order cook fell in the kitchen of a restaurant. She was diagnosed next day as having severe lower back strain, but neither the medical report from that time nor the report of the orthopedic surgeon who treated her for six months following the incident made mention of any knee injury. Nearly one year after the accident, she saw another doctor who diagnosed a disabling contraction of the left knee. On these facts, the trial court denied recovery, but this court reversed, applying what we termed the well-settled rule that:
"... disability is presumed to have resulted from an accident if the injured person was in good health before the accident and the symptoms of the disabling condition appear after the accident and manifest themselves continuously af-terwards, providing there is a reasonable possibility of causal connection between the accident and the disabling condition.” (Citations omitted)
Here, as there, the proof is clear that the claimant was in good health before the 1977 accident and that the symptoms appeared afterwards. Also, there is a reasonable probability of causal connection in that ruptured spinal discs are frequently caused by falls. As in the Dixon case, our greatest difficulty is with the element of continuous manifestation of the symptoms.
In Dixon, no knee injury was mentioned in the early medical reports and, indeed, the first treating physician reported “good range of motion in all of the joints” and advised his patient to return to work. Nevertheless, we found that her general complaints of pain coupled with a lack of evidence of intervening trauma were enough to support application of the legal presumption.
Here, the complaints of pain were continuous and were focused on the claim *479 ant’s back, which is the place where the injury was ultimately proved. We think this makes out a stronger case for application of the presumption than existed in the Dixon case. The overriding fact is that the claimant contended all along that she had severe back pain and a disabling back injury was finally proved.
Consistent with our finding and pursuant to Louisiana jurisprudence (see Gonzales v. Xerox Corporation, 320 So.2d 163, 166 (La. 1975), and Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707, 709 (La.1980), rehearing denied October 6, 1980, this court awards claimant-appellant the following sums for the stated reasons:
1. $86.66 per week for the period of temporary total disability. L.S.A.R.S. 23:1221(1). The record reflects that claimant-appellant was injured on September 13, 1978, and apparently released to seek employment on October 17, 1980, with an estimated partial permanent disability of 10-15 per cent. Said award shall be reduced by any amount of payment previously made by defendant-appellee to claimant-appellant.
2. $28.62 per week commencing on October 18, 1980, for the statutory period of 100 weeks for the partial permanent disability sustained by claimant-appellant. L.S.A.-R.S. 23:1221(4)(p), L.S.A.-R.S. 23:1202(1), see also Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2nd Cir. 1980) writ denied 385 So.2d 793, and Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App. 3rd Cir. 1969).
3. Unpaid medical bills in the amount of $6,112.90 representing:
Ochsner Clinic 6/1/78 $ 77.50
St. Charles General Hospital 12/21/79 859.85
St. Charles General Hospital 1/22/80 2,518.05
Dr. Adatto to date of trial 2,619.00
St. Charles General Hospital 2/9/80 38.50
For the reasons assigned, the judgment of the trial court is reversed, annulled and set aside; and, accordingly, it is now ordered that there be judgment in favor of claimant and against defendant granting unto claimant compensation at the rate of $86.66 per week from the date of the accident until October 17, 1980, subject to a reduction for benefits previously paid by defendant to claimant.
Further, claimant-appellant is awarded the sum of $28.62 per week for a period of one hundred weeks for partial permanent disability.
Further, the claimant is awarded the sum of $6,112.90 for unpaid medical expenses.
Claimant’s prayer for attorney’s fees and penalties is denied.
Appellee is to pay all costs.
REVERSED AND RENDERED.