| .WALTZER, Judge.

STATEMENT OF THE CASE

Respondent, Charles Zack, sued relators, Louis and Nanette Lococo Gurvich, for workers’ compensation benefits arising out of an alleged injury suffered by Zack while repairing the soffit at the Gurviches’s home. The Gurviches moved for summary judgment dismissing the compensation claim based on the fact that they were not Zack’s employer or general contractor for repairs within the meaning of La. R.S. 23:1035 B. The Office of Workers’ Compensation denied the motion, finding that there was a genuine issue of material fact as to whether the Gurviches were, in fact, general contractors for the renovation of their house. We find no genuine issue of material fact and reverse.

STATEMENT OF FACTS

According to the uncontroverted affidavits of Louis Gurvich, Jr. and his wife, he is an attorney engaged in the security business and his wife is a dentist. They have been engaged in their respective professions for many years and plan to remain so engaged. The Gurviches do not and have never engaged in home construction or renovations or otherwise been in the construction business. The premises at which Zack claims to have been injured is the Gurviches’s personal residence. In 1995, the Gurviches contracted with Rick O’Marra to complete renovations to the Gurvich home, giving O’Marra 12Complete control over the project, including hiring and firing subcontractors for the vari *751 ous phases of the project. O’Marra employed Zack.
In seeking to characterize the Gurviehes as “general contractors” for their home renovation project, Zack relies on the facts that the Gurviehes controlled payments to O’Marra and issued a check to O’Marra with the notation “payroll 2/14r-workman’s comp”.
There is no evidence of record that the Gurviehes agreed to provide Workers’ Compensation Insurance for any of O’Marra’s workers, nor is there any evidence that the Gurviehes engaged in home construction, commercial construction or renovation.

STANDARD OF REVIEW

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary | ¡¡burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
The 1997 amendments to the La. C.C.P. art. 966 have been applied retroactively to a case decided in the Court of Appeal prior to enactment of the amendments. Kaufmann v. Fleet Tire Service of La., Inc., 97-1428 (La.9/5/97); 699 So.2d 75.

ANALYSIS

Exempt from Workers’ Compensation Act coverage is, inter alia, all labor, work or services performed by any employee of a private residential householder in connection with the residential premises of such householder. With respect to such labor, work or services and the employee performing the same, a private residential householder shall have no liability under the provisions of the Workers’ Compensation Act either as employer or as principal unless he is engaged in the trade, business or occupation of furnishing labor, work, or services to private residential premises or farms. La. R.S. 23:1035 B. Where applicable, the employee’s remedy is in tort. La. R.S. 23:1035 C.
Louisiana courts have interpreted the Workers’ Compensation Act’s intent to be the protection of the right of an employee when he is engaged in an employment with reference to, in connection with, incident to or in promotion of the employer’s trade, business or occupation. Speed v. Page, 222 La. 529, 62 So.2d 824 (1952).
This Court rejected compensation act coverage for a worker engaged in the repair of his physician employer’s home, since the repair services did not arise out of and were not incidental to the doctor’s trade, business or | occupation. Prater v. Sun Indemnity Co. of New York, 38 So.2d 663 (La.App. Orleans 1949). Even where repairs were made to a fishing camp used to entertain customers by an employer engaged in the plumbing and hardware business, plaintiff was not entitled to workers’ compensation benefits. Story v. Globe Indemnity Co., 61 So.2d 582 (La.App. 1 Cir.1952), affirmed 223 La. 689, 66 So.2d 611 (1953). To the same effect is Fontenot v. Travelers Ins. Co., 236 So.2d 889 (La.App. 3 Cir.1970), where the court rejected a compensation claim made by a painter injured while painting defendant’s farm residence.
In Reed v. Lewing, 396 So.2d 1360 (La. App. 2 Cir.1981), the court dismissed a third party workers’ compensation claim against a homeowner who hired a contractor but took an active role in the construction oversight, approving the hiring of most of the workmen, making changes in the construction as it progressed, discussing the workers’ pay scales, directing the workmen on the job and *752 discussing the firing of a workman with the contractor. Notwithstanding the trial court’s finding of joint control by the contractor and the homeowner, the homeowner was found not to be liable to plaintiff under the workers’ compensation act since the building of the home was not a part of her trade, business or occupation. Whatever may have been her liability to the plaintiff, the court held it was well and long settled that her liability was not under the compensation law and that she was not a solidary liability with the contractor. Reed, 396 So.2d at 1363.
Relying on Shipp v. Bordelon, 152 La. 795, 94 So. 399 (1922), this Court held that where a full-time teacher and athletic trainer undertook construction of a home for his personal use and acted as his own contractor, his ^injured employee was not entitled to compensation benefits. It is well settled that it is the nature of the employer’s business and not the particular work done by the employee which is the determinative factor in suits for compensation. Even if the teacher had been the plaintiffs “employer” for the roofing work being done at the teacher’s home, the nature of defendant’s job as a school teacher is determinative that roofing work is not within his occupation. The legislative mandate is clear and our jurisprudence dictates that this plaintiffs claim for compensation benefits is excluded as to the defendant teacher. Abadie v. Boudreaux, 398 So.2d 1253, 1254-55 (La.App. 4 Cir.1981).

CONCLUSION AND DECREE

The uncontroverted evidence of record shows that the Gurviches, an attorney and a dentist, were not engaged in the business of general contracting or home renovation. They engaged O’Marra to perform this function. Zack failed to sustain his burden of showing an issue of material fact as to whether the Gurviches were engaged in the business of general contractor. Thus, summary judgment as to the workers’ compensation issue is proper.

JUDGMENT OF OFFICE OF WORKERS’ COMPENSATION REVERSED. SUMMARY JUDGMENT GRANTED.