236 So.2d 561 (1970)
Leslie A. LAIRD
v.
The TRAVELERS INDEMNITY COMPANY, Floyd J. Malbrough, State Farm Mutual Automobile Insurance Company, Pratt Farnsworth, Inc., A. L. Nivens, Adrian Ballam, J. Ray McDermott, Inc., Dick Evans, Inc., and Liberty Mutual Insurance Company.
No. 3636.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Rehearing Denied July 6, 1970.
*562 Plotkin, Sapir, Bradley & Tanet, Owen J. Bradley, New Orleans, for plaintiff-appellant.
Christovich & Kearney, A. R. Christovich, Jr., New Orleans, for defendants-appellees Pratt Farnsworth, Inc. and Liberty Mut. Ins. Co.
Before REDMANN, DOMENGEAUX and SWIFT, JJ.
REDMANN, Judge.
This is an appeal from a summary judgment dismissing plaintiff's suit as to two of several defendants.
Those two defendants, an employer and its insurer, showed that there is no genuine issue as to fact material to the question whether the employee was in course and scope of his employment at the time of the accident attributed to his alleged negligence. They did not show the absence of issues of fact material to other elements of plaintiff's cause of action, such as the employee's negligence.
The question whether summary judgment is available here is suggested by the following expression of our Supreme Court in Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542, 546-547 (1970):
"* * * [LSA-C.C.P.] Article 966 was not intended to be used to permit `piecemeal' trial, or usurp the function of the well recognized exceptions of no right or no cause of action. Rather, it was intended to be used only in cases where there is no material issue of fact to be determined; where a judgment for either party might be rendered in the case (depending on how the legal issues are resolved); and where such judgment disposes of the entire case. * * *".
This court is under the control and supervision of the Supreme Court, Const. art. 7, § 10, and is of course bound to follow its decisions. Even where a view expressed by that court might be said to have been unnecessary to the actual decision rendered, recognition of the supreme authority of that court demands that its views, whether alternative rationes decidendi, *563 or unnecessarily broad statements of principle, or the purest of obiter dicta, be accorded serious consideration by this court.
The language quoted from Stevens might be said to require denial of a defendant's motion for summary judgment as unauthorized in a case where, although there is no factual issue material to the ground on which he must ultimately obtain a final judgment of dismissal if his view of the law is correct, nevertheless there remain genuine issues of fact material to other elements of plaintiff's cause of action which would prevent final judgment for plaintiff if the moving defendant's view of the law is incorrect.
The matter before us is such a case. It is not shown that there are no genuine issues as to facts material to the employee's negligence, its proximate causation of, and the extent of the injuries allegedly resulting from the negligence. But there are no genuine issues of fact material to the question whether plaintiff was engaged in the course and scope of his employment.
The wording of LSA-C.C.P. art. 966 requires "no genuine issue as to material fact", and the Supreme Court's paraphrase is "no material issue of fact". We believe the materiality spoken of, where defendant is mover, refers not to the plaintiff's multi-elemented cause of action, but rather to the ground on which defendant claims summary dismissal.
For example, a plaintiff's cause of action may contain the elements of (1) negligence by a tortfeasor (2) in the course and scope of (3) his employment by defendant (4) proximately causing (5) damages to plaintiff. Assuming sufficient facts pleaded, the exception of no cause of action is unavailable to defendant. But if defendant is in fact not the employer of the tortfeasor, and can show by affidavits, depositions, etc. (not introducible on exception of no cause, C.C.P. art. 931) that there is no genuine issue of fact material to this point, it does not seem that the administration of justice would be served by requiring such a defendant nevertheless to go to trial on all other issues if, as a matter of law, he must finally be dismissed from the lawsuit after the trial because on the one issue of whether he is the employer he wins. We know of no procedural device other than summary judgment for avoiding useless trial under the circumstances.
Yet the employer's motion for summary judgment would show only that there is no factual issue on employment. If from the undisputed facts the court concludes as a matter of law he is the employer of the tortfeasor, a summary judgment in favor of plaintiff could not be rendered because, as to other elements of plaintiff's cause of action, the record does not "show that there is no genuine issue as to material fact, * * *" C.C.P. art. 966. A similar situation exists in the matter before us.
It is true that, where a moving defendant can show there is no factual issue on whether he is the tortfeasor's employer, he can forever concede all the other issues of plaintiff's cause of action, and in this way obtain a decision whether, as a matter of law, he is the employer and, if not the employer, he will be dismissed from the suit. This final admission of all facts pleaded was the price of the classic common law demurrer. It was never the price of our analogous exception of no cause of action. We think it too high a price, not for a moving defendant, but for the court system already overburdened with full-scale trials. We believe in the circumstances recited, summary judgment should be available without having to concede all other facts, which may be material to plaintiff's cause of action but are immaterial to the question whether defendant is the employer of the alleged tortfeasor.
Because of these considerations, we interpret the language in Stevens in the light of the fact that the mover there insisted it did not finally concede the facts it depended on for its principal ground for summary judgment (and did not show no *564 factual issue as to its second ground). We believe the language "where a judgment for either party might be rendered in the case (depending on how the legal issues are resolved)" therefore does not mean that every authorized motion for summary judgment must result in a final judgment for mover, or else in a final judgment for opponent. Rather we understand it to mean that summary judgment is not the exclusive tool of plaintiff, nor of defendant; but where either party moves, his motion can only be considered if a judgment might be rendered in his favor disposing of the entire case.
This means a plaintiff can only move when there is no issue of any fact material to any of the several elements of his entire cause of action; yet a defendant can move where the only undisputed facts are those material to only one element, the resolution of which in his favor disposes of the case. But this is always plaintiff's burden; he must prove every element of his cause of action; defendant needs only to defeat plaintiff on one element to win.
The federal jurisprudence interpreting the source of our C.C.P. art. 966, i. e. Fed. Rul.Civ.P. 56(c), allows motion by a defendant in similar circumstances; see Thomas v. Furness (Pacific) Ltd., 171 F. 2d 434 (9 Cir. 1948); Fuqua v. Deapo, 34 F.R.D. Ill (D.C.Ark.1964); Ciaccio v. New Orleans Pub. Belt R. Comm'n, 290 F. Supp. 197 (E.D.La.1968). And before Stevens Louisiana appears to have accepted the propriety of such a motion; see Wills v. Correge, La.App., 148 So.2d 822 (1963), cert. denied, 244 La. 147, 150 So.2d 768.
We conclude defendants' motion here is authorized by LSA-C.C.P. art. 966.
The undisputed facts are that the alleged tortfeasor was employed in excavating a pipeline trench along a highway in an area to which no frequent public transportation is available, and at which there are no facilities from which employees could purchase lunch. The alleged tortfeasor worked and was only paid for eight hours, with an unpaid half-hour lunch period. He received no pay or allowance for travelling to and from work, which he did in his personal car. His lunch period was inadequate for walking to and from a place he could buy lunch. He had gone to lunch during his lunch period in his personal car and was returning to work when, allegedly due to his operation of his car, the accident from which plaintiff claims injury occurred.
The basic liability of an employer for his employee's tort is stated by LSA-C.C. art. 2320, reading in part:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
Plaintiff argues that the employee, although not employed to drive his car, nevertheless benefitted the employer by doing so, since except for that employee's providing his own transportation to report for work and to go to lunch and return (and similar self-transportation by other employees), the employer could not have workmen on the jobsite and thus could not accomplish his work.
Plaintiff quotes O'Brien v. Traders & Gen. Ins. Co., 136 So.2d 852, 855 (La.App. 1961), for its obiter dictum that one exception to the nonliability of an employer for his employee's tort while going to and from work exists
"* * * where the use of the vehicle may be considered as serving some purpose useful or beneficial to the employer such as enabling the employee to arrive more quickly at the employer's place of business."
But benefit to the employer is not the test of the employer's liability; the test is whether the employee is exercising the functions in which employed; Maas v. Harvey, 200 La. 736, 8 So.2d 683 (1942); Wills v. Correge, supra.
*565 Going to and from lunch is ordinarily not a function in which an employee is employed, and the employer is ordinarily not liable for the employee's torts while going to and from lunch; Cado v. Many, 180 So. 185 (La.App.1938); Whittington v. Western Union Tel. Co., 1 So.2d 327 (La. App.1941), cert, denied.
We see nothing so extraordinary in the matter before us as to justify holding an employer liable for the tort of an employee on an unpaid lunch hour returning in his private automobile from having lunch.
The judgment appealed from is affirmed at plaintiff's cost.
Affirmed.