428 So.2d 1287 (1983)
Lance McGEE, et al. Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. Defendants-Appellees.
No. 82-597.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Jules R. Ashlock, Ville Platte, Brinkhaus, Dauzat & Falgoust, Jerry J. Falgoust, Opelousas, Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellees.
Before STOKER, DOUCET and YELVERTON, JJ.
STOKER, Judge.
This is a wrongful death and survivorship action brought by Lance McGee, Cathy *1288 McGee Bertrand, and Amy McGee Barrett as a result of their father's death on August 7, 1981.
Two principal issues are presented. The first is whether the employer of the tort-feasor is liable to plaintiffs under the doctrine of respondeat superior. The second issue is whether the accident in question was causally related to the decedent's death which occurred some time later.
The plaintiffs did not sue either the tort-feasor or the employer. The suit was brought against the tort-feasor's automobile liability insurer and the employers general liability insurer.

FACTS
On July 10, 1981, around 4:17 PM, a vehicle operated by John D. Fruge ran into an 8' by 12' building occupied by decedent, J.B. McGee. The building, known as the City Cab Building, was located on the premises of Fruge's employer, Dalbis Fontenot, d/b/a Red's Conoco Service Station. Fruge was leaving to go to lunch at the time of the accident. The decedent received slight injuries including injury to his lower left leg as a result of being thrown about in the building.
Plaintiffs claim that their father's death resulted from a blood clot or pulmonary embolism originating in his lower left leg. The evidence showed that decedent had been suffering from thrombophlebitis, a condition which made him particularly susceptible to blood clots. The death certificate gave the cause of death as cardiac arrest from congenital cardiac disease. However, no autopsy was performed and there is no evidence that decedent suffered from any congenital cardiac disease.
Suit was brought against State Farm as the liability insurer of Fruge and against Travelers Insurance Company as the general liability insurer of Red's Conoco Service Station. Plaintiffs allege that Fruge was in the scope of his employment at the time of the accident and, as such, is an insured under the Travelers' policy.
The trial court found that Fruge was negligent and gave judgment in plaintiffs' favor against State Farm to the extent of its policy limits ($5,000). The trial court found further that Fruge was not in the scope of his employment at the time of the accident and dismissed plaintiffs' suit against Travelers. We affirm.
State Farm does not appeal so the judgment against it has become final.
Fruge's negligence is not disputed. Plaintiffs' claim on appeal is that the trial court erred in finding that Fruge was not in the scope of his employment at the time of the accident. Travelers answers the appeal asserting, alternatively, that in the event we find Fruge was in the scope of his employment, the trial court erred in finding that McGee's death on August 7, 1981, was causally related to the accident on July 10, 1981. Because we find that Fruge was not in the scope of his employment at the time of the accident, we do not address the issue of causation.
Evidence adduced at trial showed that Fruge worked at the service station from noon until 9:00 PM with an hour off for lunch from 4:00 to 5:00 PM. He was paid $100 a week as a flat salary. The policy provision relating to this case reads:
"2. For Garage Operations Other Than Covered Autos.
* * * * * *
b. Your employees, directors or shareholders are insureds but only while acting within the scope of their duties."

EMPLOYER NOT LIABLE UNDER RESPONDEAT SUPERIOR

It is plaintiffs' position that Fruge's activity in going to lunch was within his scope of employment in that it is a fair and reasonable incident of his employment or is logically and naturally connected with it. In a supplemental brief, plaintiffs cite worker's compensation cases for the proposition that an employee who is injured going to lunch is within the course and scope of his employment and entitled to benefits. The plaintiffs rely principally on the Huett *1289 and Campbell cases cited and discussed below.
In Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4th Cir. 1976), writ denied, 332 So.2d 863 (La.1976), benefits were awarded to an employee who was injured when she fell on a broken sidewalk upon leaving the store for lunch. The court noted that although injuries occurring during the lunch period are generally not compensable, coverage is afforded for a reasonable time span for exit and entry. In another case, an attorney who, on returning from an out-of-town business trip, stopped to eat and was injured in an automobile accident upon leaving the restaurant was awarded benefits. Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2nd Cir.1980), writ denied, 385 So.2d 793 (La.1980). In Campbell, the court determined that even if a deviation had occurred in going to lunch, the employee had re-entered the course of her employment at the time of the accident.
Underlying the above worker's compensation cases is the long-standing principle that the worker's compensation statutes are to be given a liberal construction in order to provide coverage whenever possible. Coco v. Winston Industries, Inc., 330 So.2d 649 (La.App. 3rd Cir.1976), writ granted, 332 So.2d 864 (La.1976), quantum judgment set aside 341 So.2d 332 (La.1977). We do not feel such a liberal construction of the terms of the Travelers policy is mandated. In any event, an employer is not ordinarily liable for an employee's torts committed while going to and from lunch. Laird v. Travelers Indemnity Company, 236 So.2d 561 (La.App. 4th Cir.1970).
We also place emphasis on the use of the phrase "scope of their duties" in the policy rather than the worker's compensation phrases, "arising out of" (scope) and "in the course of". These two worker's compensation terms have been held to not be synonymous. The former deals with whether the employee was engaged in his employer's business or his own and the latter concerns the time and place relationship between the risk and the employment. Renfroe v. City of New Orleans, 394 So.2d 787 (La.App. 4th Cir.1981), writ denied, 399 So.2d 621 (La.1981). Similarly, the Supreme Court in LeBrane v. Lewis, 292 So.2d 216 (La.1974), pointed out the difference between "scope" and "course" of employment in this fashion:
"However, technically, `course of' may refer more to the time and place of employment, while `scope of' refers more to while being engaged in the functions for which employed."
Under the definitions given in LeBrane it appears that while Fruge may have been in the course of his employment due to proximity of time and place, he was not in the scope of his employment and not an insured under the Travelers policy. He was pursuing a personal mission, unlike the employee-tort-feasor in LeBrane whose purpose was the discharge of another employee.
For the foregoing reasons, the judgment of the trial court dismissing plaintiffs' suit against The Travelers Indemnity Company is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.