STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-1168


SCOTT HARGRAVE, ET UX.

VERSUS

CECIL J. DELAUGHTER, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20050867
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.


AFFIRMED.

**Winston Thomas Angers**
**Attorney at Law**
**P. O. Box 53502**
**Lafayette, LA 70505**
**(337) 233-3268**
**Counsel for Plaintiff/Appellant:**
**Scott and Vickie Hargrave**

**Paul Holliday Fleming Baker**
**Attorney at Law**
**9100 Bluebonnet Central, #300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**Counsel for Defendant/Appellee:**
**Cecil J. Delaughter**
**Prudential General Ins. Co.**

**Kenny Layne Oliver**
**Oliver & Way**
**P. O. Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**Counsel for Defendant/Appellee:**
**Louisiana Farm Bureau Casualty Ins. Co.**

**David Oliver Way**
**Attorney at Law**
**P. O. Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**Counsel for Defendant/Appellee:**
**Louisiana Farm Bureau Casualty Ins. Co.**

**Jean Ann Billeaud**
**Daigle, Jamison & Rayburn, LLC**
**P.O. Box 3667**
**Lafayette, LA 70502-3667**
**(337) 234-7000**
**Counsel for Defendant/Appellee:**
**Liberty Mutual Insurance Co.**
**Superior Energy Services, LLC**
**Superior Energy Services, Inc.**

**GREMILLION, Judge.**

Mr. Scott Hargrave and his wife, Vicki Hargrave, appeal the trial court's judgment dismissing their demands against Superior Energy Services, Inc., Superior Energy Services, L.L.C., and Liberty Mutual Insurance Company (collectively referred to hereafter as "Superior"). This dismissal was rendered pursuant to Superior's motion for summary judgment. For the following reasons, we affirm.

## FACTS

Mr. Hargrave was proceeding north on U.S. Highway 90 near Broussard, Louisiana, on June 4, 2004, when a vehicle driven by Mr. Cecil Delaughter allegedly pulled into his path from Bercegeay Road. Hargrave alleges that Delaughter's actions caused him to roll his vehicle into a ditch.

Initially, plaintiffs sued Delaughter and his liability insurer, Prudential General Insurance Company, and Louisiana Farm Bureau Insurance Company, their uninsured motorist carrier, in February 2005. In March 2007, plaintiffs filed a first supplemental and amending petition adding Superior as the alleged master/employer of Delaughter. Superior answered denying that Delaughter was in the course and scope of his employment.

Superior filed a motion for summary judgment on November 2, 2007. Plaintiffs filed their opposition on December 27, 2007. The judgment granting summary judgment was signed on January 16, 2008. Plaintiffs filed a motion for new trial on January 29, 2008. That motion was heard and denied on March 10, 2008. On March 20, 2008, plaintiffs filed a motion for rehearing that was denied on April 14, 2008. Plaintiffs thereafter perfected the present appeal. Superior based its motion for summary judgment on the depositions of Delaughter and the corporate deposition

1

of Superior, both noticed and taken by counsel for the Hargraves. Plaintiffs opposed the motion for summary judgment by pointing out that Superior had terminated Delaughter for cause for failing to protect company assets and interests. Plaintiffs contended that Delaughter was engaged in theft from Superior; his credibility was thus at issue and his testimony could not be considered. They further pointed out that the two company representatives who testified in the corporate deposition relied solely upon statements Delaughter made to them about his intended destination at the time of the accident. This hearsay, plaintiffs asserted, could not be considered on summary judgment. The trial court nonetheless granted judgment.

In their motion for new trial, plaintiffs submitted new evidence they contended they had been unable to uncover despite due diligence, in the form of proof of prior arrests of Delaughter in Terrebonne Parish that had not been disclosed in Delaughter's deposition. This evidence came in the form of an uncertified arrest register from the Terrebonne Parish Sheriff's Office. Plaintiffs also submitted excerpts from Delaughter's cellular phone records that showed three calls made to or from the company-provided cell phone shortly after the subject accident. In addition to a new trial, plaintiffs also sought to keep the record open to enable them to conduct additional discovery in the hope of demonstrating that Delaughter was in fact en route to a meeting with one of his superiors, Mr. Tom Slocum, a Vice President of Superior, and to attempt to prove that Delaughter was in fact terminated because he was involved in a scheme to steal fuel from Superior. Plaintiffs also sought in this motion to compel discovery responses from Superior.

Plaintiffs filed a supplemental memorandum in support of their motion for new trial. To this they attached the affidavit of Mr. Herbert Barnes, Terrebonne Parish

2

Assistant District Attorney, who prosecuted Delaughter in a forcible rape case and who was handling other charges against him. The affidavit fails to indicate what outcome Delaughter's 2001 trial on the forcible rape charge produced. It did indicate that several other charges were still outstanding, but had not been prosecuted because of lack of victim cooperation.

A second supplemental memorandum attached an affidavit from Mr. Hargrave attesting to a visit he paid to the scene of the accident and various measurements he took of the distance Delaughter traveled from his workplace to the scene. The date Hargrave took these measurements is not stated in the affidavit; however, the affidavit itself is dated March 3, 2008. The measurement from the Superior pumping and stimulation building parking area, Delaughter's workplace, was measured by Hargrave as 600 feet to the Bercegeay Road stop sign, and 698 feet from the driveway of that building to the stop sign. Plaintiffs attached to all three memoranda supporting their motion for new trial various discovery responses that they contended provided insufficient responses. The last set of discovery responses plaintiffs attached included Delaughter's interrogatory responses disclosing that he had made the three cell phone calls to his wife, a Superior engineer, which accounted for two of the calls, and to Ronald Shea Barksdale, Delaughter's son-in-law and also a Superior employee.

On March 10, 2008, the trial court denied plaintiffs' motion for new trial and to compel discovery responses and to keep the record open. Plaintiffs applied for rehearing on March 20, and in support attached records from a private investigator indicating that Delaughter had not fully disclosed his previous places of residence. These records consist of six pages of printed material purporting to show various

3

previous addresses of Delaughter. They are not accompanied by any affidavit, nor were they presented to the court as exhibits to a deposition. Plaintiffs also attached a copy of a 1997 traffic citation issued to Delaughter in Terrebonne Parish which had not been disclosed in Delaughter's deposition. Plaintiffs' motion for rehearing was denied by the trial court on April 16, 2008.

## ASSIGNMENTS OF ERROR

Plaintiffs urge eight assignments of error on appeal, but they can be summarized as follows:

1) Finding that Delaughter was not in the course and scope of his employment;

2) Considering the testimony of Delaughter and two company representatives;

3) Failing to either retry or rehear the motion for summary judgment; and,

4) Not allowing additional discovery while we consider this appeal.

## ANALYSIS

*Review of summary judgments:* An appellate court reviews a grant of summary judgment de novo, applying the same standards as would a trial court. *Schroeder v. Board of Sup'rs. of La. State Univ.*, 591 So.2d 342 (La. 1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966, as amended by Act 483 of 1997, provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential facts of the adverse

4

party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So. 2d 606.

Article 967 of the Code of Civil Procedure provides that supporting and opposing affidavits must be made on personal knowledge and set forth facts that would be admissible into evidence. Indeed, affidavits are generally inadmissible as hearsay; yet, they are the only exception to the requirement that summary judgment be supported or opposed only by admissible evidence.

*Master-Servant Liability:* La.Civ.Code art. 2320 governs the vicarious liability of masters and employers for the acts of their servants and overseers. That article provides that this liability arises when those employees occasion damage in the exercise of the functions in which they are employed, when the masters and employers might have prevented the act and have not. "Vicarious liability rests in a deeply rooted sentiment that a business enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities." *Richard v. Hall*, 03-1443, p. 5 (La. 4/23/04), 874 So. 2d 131, 137. This liability is attributed to the employer's business by a close connection in time, space and causation to the employment functions. *LeBrane v. Lewis*, 292 So.2d 216 (La. 1974). "Course" of employment refers to the time and place of an employee's work. *Comfort v. Monteloene*, 163 So. 670 (La.App. Orl. 1935). "Scope" of employment, on the other hand, inquires into whether the employee was engaged in the tasks for

5

which he was hired. *Godchaux v. Texas & P. Ry. Co.*, 144 La. 1041, 81 So. 706 (1919). The Louisiana Supreme Court, in *Blanchard v. Ogima*, 253 La. 34, 215 So.2d 902 (1968), notes that the master-servant doctrine requires that a court inquire into the totality of the master-servant relationship rather than focusing on either "course" or "scope," but notes that article 2320 focuses attention primarily on the "scope" element.

The preeminent master-servant case is *Reed v. House of Decor*, 468 So.2d 1159 (La. 1985), wherein, the court articulated the overarching principle governing master-servant liability:

> Determination of the course and scope of employment is largely based on policy. The risks which are generated by an employee's activities while serving his employer's interests are properly allocated to the employer as a cost of engaging in the enterprise. However, when the party (the alleged employer) upon whom vicarious liability is sought to be imposed had only a marginal relationship with the act which generated the risk and did not benefit by it, the purpose of the policy falls, and the responsibility for preventing the risk is solely upon the tortfeasor who created the risk while performing the act.

*Id.* at 1162. Each case, then, requires a factual analysis individual in nature, and prior cases serve merely as illustrations of analogous situations and not as hard-and-fast rules.

There are, however, some generally accepted jurisprudential principles followed by appellate courts. First, courts have fairly consistently held that going to and from work is not an employment function for which the employer should be held liable. *Vaughan v. Hair*, 94-86 (La.App. 3 Cir. 10/5/94), 645 So.2d 1177, *writ denied*, 95-0123 (La. 3/10/95), 650 So.2d 1186. Even more specifically, "an employer is not ordinarily liable for an employee's torts committed while going to and from lunch." *McGee v. State Farm Mutual Automobile Insurance Company*, 428 So.2d 1287

6

(La.App. 3 Cir. 1983), and *Laird v. Travelers Indemnity Company*, 236 So.2d 561 (La.App. 4 Cir. 1970). Ultimately, the trial court relied on these basic tenets of master-servant liability in reaching the correct conclusion.

The plaintiffs, however, assert a number of factors, specifically the facts that Delaughter was salaried, an executive officer in Superior, was paid a $600 per month car allowance, and was "on call" lead to the inevitable conclusion that he was in the course and scope. They cite a number of cases to support their proposition.

In *Reed*, 468 So.2d 1159, the supreme court stated that the payment of wages was a factor to consider in determining vicarious liability. We find that "wages" as contemplated by the supreme court refers to piecemeal or hourly wages rather than salary. In other words, we should find that the employer was compensating the employee for the task at hand or the actual time spent while engaged in the activity. If "wages" means payment of annual salary, virtually any salaried employee could be held to be engaged in the course and scope of employment at any time. We decline to extend the supreme court's guidelines to include such an interpretation.

The employee in *Watson v. Ben*, 459 So.2d 230 (La. App. 3 Cir. 1984), was also "on call." However, that required that he be prepared at any time within a defined period to be ready to respond to the needs of a customer of his employer. When he got such a call, he would have to proceed to the customer's location. Delaughter's situation was quite different. He was available to respond to questions or concerns of his subordinates. It was possible, if not likely, that a call could be handled over the phone.

Plaintiffs analogize our decision in *Soileau v. D&J Tire Co., Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 11/16/98), 706

7

So.2d 979, to the present case. We note that in *Soileau*, the employee at issue was indeed en route home after his normal work hours, but was subject to being recalled to work at any time until 7:30 p.m. that evening. The employer paid half the employee's truck note. The truck was used to service customers at their job sites, haul supplies, and ferry customers in need of transport. The employee carried a beeper that he turned off at 7:30 p.m. The situation with Delaughter is distinct.

Lastly, plaintiffs strongly rely on *Landry v. Fincke*, 98-90 (La.App. 3 Cir. 5/20/98). However, *Landry* was reversed by the Louisiana Supreme Court, which granted writs finding a material issue of fact. *Landry v. Fincke*, 98-1685 (La. 10/9/98), 726 So.2d 14. The employee in that case was returning from delivering materials to a job site, where he had also conducted an inspection. We felt that the employee in this instance was acting in furtherance of his employer's business and still operating under his employer's control. We further felt the case was analogous with *Soileau* and *Watson*. However, we note that the employee in *Landry* had no set work hours. He had no real locus of his activities for the employer; rather, he either worked at home or at one of the employer's job sites. The employee's work day ended whenever his assigned tasks were completed, subject to being "on call" in case a customer needed assistance. These facts warranted affirming the trial court's grant of summary judgment to plaintiffs. Even given the strength of these facts, that present a far more compelling scenario than the current case, the supreme court reversed, finding that material issues of fact precluded summary judgment on vicarious liability.

Plaintiffs also urge that we find liability based upon the "threshold doctrine" which states that an employee is in course and scope when the accident occurred in

8

close proximity to the workplace, in an area that poses a distinct travel risk, when the operation of the motor vehicle is in the performance of an employment duty. *See McLin v. Industrial Specialty Contractors, Inc.*, 02-1539 (La. 7/2/03), 851 So.2d 1135. We are, however, presented with no evidence to establish that this area poses a distinct travel risk. We also note that the cases arising under the threshold doctrine are invariably workers' compensation matters, as they all state the doctrine as requiring that the area be one that poses a distinct ravel risk "to the employee." *Id.*

The only evidence presented to the court was the depositions of Delaughter and the corporate representatives of Superior. We agree with plaintiffs that the testimony of the two Superior representatives regarding Delaughter's intended destination constitutes hearsay, and should not be considered. Delaughter, though, unequivocally testified that he was en route home for lunch. The remainder of plaintiffs' arguments about whether Delaughter was in fact en route to meet with his supervisor, Mr. Slocum, represent pure conjecture on plaintiffs' part. No evidence supports this supposition.

Plaintiffs contend that Delaughter's credibility has been called into question because he failed to disclose arrests. Evidence of an arrest, indictment or prosecution is not admissible to attack credibility in a civil case. La.Code Evid. art. 609(F). Evidence of an arrest is only admissible to impeach a witness by demonstrating bias or interest under La.Code Evid. art. 607. The evidence of Delaughter's other arrests is not, therefore, admissible to attack his credibility. We may only consider admissible evidence on summary judgment review. The same principle applies to an undisclosed traffic citation issued to Delaughter in 1999 in Terrebonne Parish.

Therefore, the only evidence presented regarding Delaughter's destination at the time of the accident is his testimony. No evidence to contradict Delaughter's testimony was introduced. Under La.Code Civ.P. art. 967, summary judgment was proper.

*New trial:* Plaintiffs complain that their motion for new trial was not granted and their request for sanctions for Superior's failure to respond to discovery was denied. Motion for new trial is governed by La.Code Civ.P. arts. 1971, et seq. The denial of a motion for new trial is not subject to reversal by the appellate court unless it is shown that the denial was an abuse of discretion. *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 92-1544 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, *writ denied*, 94-0906 (La. 6/17/94), 638 So.2d 1094. We find no abuse of discretion in this case. Because summary judgment is disposed of by argument alone, based upon the pleadings, depositions, affidavits, admissions on file and the like, the trial court essentially granted plaintiffs a new trial in hearing the arguments again, and in considering the "new evidence" plaintiffs presented. Also, as we discussed, the "new evidence" plaintiffs submitted was almost exclusively inadmissible.

There was no error in the trial court's denial of the request for sanctions for failure of Superior to respond to discovery. A court can only award sanctions for failure to respond to discovery if the party against whom sanctions are sought has previously been ordered to respond pursuant to La.Code Civ.P. art. 1469. La.Code Civ.P. art. 1471.

*Rehearing:* Plaintiffs also assign as error the trial court's denial of their motion for rehearing. The Code of Civil Procedure does not provide for rehearing at the trial court level. Therefore, the trial court appropriately denied same.

10

*Additional discovery:* By this assignment of error, plaintiffs contend that they should have been allowed to conduct discovery during the pendency of this appeal. Because of our ruling on the other assignments of error, this assignment of error is moot.

**CONCLUSION**

Our review of the pleadings, affidavits and depositions presented to the trial court convinces us that the trial court was correct in granting summary judgment to Superior. Superior properly supported its motion with its employee's uncontradicted testimony that he was in route to lunch at the time that this accident occurred. The plaintiffs suggest that summary judgment was inappropriate because a multitude of factual issues regarding course and scope still await resolution. That position is simply not correct.

Again, there is one relevant fact here. Delaughter was on his way to lunch at the time this accident occurred. That fact establishes that he was not in the course and scope at the time of the accident. *See McGee*, 428 So.2d 1287, and *Laird*, 236 So.2d 561. Plaintiffs, who bear the burden of proving the master-servant status at trial, introduced no evidence to contradict this one simple fact.

The trial court did not abuse its discretion in denying plaintiffs' motion for new trial. The Louisiana Code of Civil Procedure recognizes no procedural device for a rehearing at the trial court level. Therefore, the trial court did not err in denying plaintiffs' motion for same.

Costs of the appeal are taxed to plaintiffs.

**AFFIRMED.**