HANS J. LILJEBERG, Judge.
1 ¡^Plaintiffs, Jessica Portillo and Francisco Romero on behalf of the minor child Emely Romero, appeal the grant of summary judgment in favor of defendants, Walker Volkswagen, Inc. and Wausau Underwriters Insurance Company d/b/a Liberty Mutual Insurance Company. We affirm.

Factual & Procedural History

Plaintiffs instituted the instant action against defendants for personal injuries sustained in a three-vehicle crash that occurred on July 8, 2011. In their petition, plaintiffs allege that Jessica Portillo and the minor child Emely Romero were passengers in a vehicle, owned and operated by Francisco Romero, travelling in the 2600 block of Veterans Memorial Boulevard in Metairie, Louisiana. Immediately behind plaintiffs’ vehicle was a 2003 Volkswagen Jetta, owned and operated by defendant, Robert Masters. Mr. Masters struck the rear of plaintiffs’ ^vehicle, causing plaintiffs’ vehicle to strike the rear of a third vehicle owned by Bisera Plazinic.
The petition further alleges that Mr. Masters was in the course and scope of his employment with Walker Volkswagen when the accident occurred, thereby imputing to Walker Volkswagen the fault and negligence of Mr. Masters under the theory of respondeat superior. Consequently, in addition to Mr. Masters, plaintiffs brought suit against Walker Volkswagen and Walker’s insurance carrier, Wausau Underwriters Insurance Company d/b/a Liberty Mutual Insurance Company.[1]
Defendants subsequently moved for summary judgment, which the district court granted on April 11, 2013. Plaintiffs’ timely appeal follows.

Assignment ofEiror

On appeal, plaintiffs argue that material issues of fact exist as to whether Mr. Masters was in the course and scope of his employment when the accident occurred. Therefore, plaintiffs assert that the district court erroneously granted summary judgment in favor of defendants.

*698
Summary Judgment

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Oubre v. Louisiana Citizens Fair Plan, 11-97 (La.12/16/11), 79 So.3d 987, 1003; citing Schultz v. Guoth, 10-0343 (La.1/19/11), 57 So.3d 1002, 1005; Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, 882-83; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 546, see La. C.C.P. art. 966. Any doubt as to a dispute regarding a genuine issue of material fact must be resolved against | ¿granting the motion and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345, 352 (La.1993).
Nevertheless, summary judgments are favored under the law, and a motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966.
Initially, the burden of producing evidence at the hearing on the motion for summary judgment is placed on the mover who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. La. C.C.P. art. 966(C)(2); Oubre, supra at 1003; Schultz, supra at 1006; Samaha, supra at 883. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.” Samaha, supra at 883 (quoting Wright v. Louisiana Power & Light, 06-1181 (La.3/9/07), 951 So.2d 1058, 1069-70). Thus, “[o]nce the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion.” Id.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Angle v. Dow, 08-224 (La.App. 5 Cir. 8/19/08), 994 So.2d 46, 48, citing Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Angle, supra at 48, citing Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).

Respondeat Superior

La. C.C. art. 2320 states, “employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed.” Therefore, Walker Volkswagen will be held vicariously liable for the actions of Mr. Masters only if he was in the course and scope of his employment with Walker Volkswagen at the time of the accident.
Generally, an employee’s conduct is within the course and scope of his employment if the conduct is the kind that he is employed to perform. Orgeron v. McDonald, 93-1353 (La.7/5/94) 639 So.2d 224, 227. An employer will be responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer’s business, as compared with conduct instituted by purely personal considerations *699 entirely extraneous to the employer’s interest. Orgeron, supra at 227; Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996. In determining whether the employee’s conduct is employment related, the court assesses several factors, including the payment of wages by the employer; the employer’s power of control; the employee’s duty to perform the act in question; the time, place and purpose of the act in relation to the employer’s service; the relationship between the employee’s act and the employer’s business; the benefits received by the employer from the act; the employee’s motivation for performing the act; and the employer’s reasonable expectation that the employee would perform the act. Woolard v. Atkinson, 43,322 (La.App. 2 Cir. 7/16/08); 988 So.2d 836, 839, citing Orgeron, | fisupra at 227; Bertrand v. Bollich, 97-164 (La.App. 3 Cir.6/4/97), 695 So.2d 1384, writ denied, 97-1801 (La.10/13/97), 703 So.2d 621.
In support of its motion for summary judgment, Walker Volkswagen offered Mr. Master’s deposition testimony and affidavit. In his deposition, Mr. Masters testified that he was employed by Walker Volkswagen as a shop foreman at the time of the accident. As a shop foreman, Mr. Masters worked on any vehicles that came to the dealership for repairs and assisted any technician in need of help. He further stated that it was customary that he test drive the vehicles following repairs to ensure that the vehicles were running properly. Mr. Masters confirmed that he worked on the day of the accident, arriving at approximately 7:15 a.m., but left at lunch time in his personally owned vehicle to run a personal errand. Prior to that date, his Volkswagen Jetta did not run. Consequently, he had not yet registered or obtained insurance on the vehicle. On the date of the accident, the Jetta was running. Accordingly, Mr. Masters went to Capital One Bank on Williams Boulevard to withdraw cash so he could obtain the proper paperwork and insurance coverage on the vehicle. He also stated that he used this errand as an opportunity to test drive his vehicle. When Mr. Masters was returning to Walker Volkswagen from the bank, he rear-ended plaintiffs’ vehicle. Mr. Masters gave a Walker Volkswagen insurance card to the police following the accident. He explained that he routinely carried his employer’s insurance information should an accident occur while test driving repaired vehicles. He further stated that he made a mistake in giving the Walker Volkswagen insurance information to the police.
Mr. Masters explained that he created a ticket for each vehicle upon which he worked. Walker Volkswagen paid Mr. Masters on a ticket by ticket basis. Walker Volkswagen did not pay Mr. Masters for any time between tickets. Walker Volkswagen required Mr. Masters to clock in at the start of his work and clock out |7at the conclusion of his work for each ticket. This practice was also applied to test drives. Mr. Masters was working on a Walker Volkswagen customer vehicle prior to leaving the dealership to run his personal errand. He testified that he did clock off the ticket he was working on prior to running his personal errand. Therefore, Mr. Masters did not get paid for the time he spent going to the bank.
Mr. Masters’ sworn affidavit was consistent with his deposition testimony.
On appeal, plaintiffs assert that genuine issues of material fact exist as to whether Mr. Masters was in the course and scope of his employment with Walker Volkswagen at the time of the accident. Namely, plaintiffs assert that Mr. Masters was performing a test drive of his personal vehicle that he repaired, maintained, and stored at Walker Volkswagen. Therefore, *700 plaintiffs maintain that Mr. Masters was both a customer and an employee of Walker Volkswagen, performing an employee duty, test driving his vehicle, at the time of the accident.
In the instant matter, Mr. Masters testified that on the date of the accident, he went to the bank on his lunch break. Generally, going to and from lunch ordinarily is not a function in which an employee is “employed,” for respondeat superior purposes. McGee v. State Farm Mut. Auto. Ins. Co., 428 So.2d 1287, 1289 (La.App. 3rd Cir.1983); Laird v. Travelers Indem. Co., 236 So.2d 561, 565 (La.App. 4th Cir.1970). Further, Mr. Masters clearly testified that he was not working on his own vehicle, but a Walker Volkswagen customer vehicle, prior to going to the bank. Moreover, he unequivocally testified that he clocked off the customer ticket and did not clock back in on his or on any other ticket prior to running his personal errand. Mr. Masters had to clock in on his own ticket for Walker Volkswagen to be obligated to pay him for the test drive of his personal vehicle. Plaintiffs offered no such evidence at the summary judgment hearing.
IsOnce a motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Mr. Masters’ deposition testimony clearly reflects that although he was a party to a motor vehicle accident during working hours, Mr. Masters was conducting a personal errand in his personal vehicle on his personal time. Mr. Masters testified that he was off the clock at the time of the accident, and was therefore not compensated by Walker Volkswagen. Further, neither his errand to the bank nor the “test drive” of his personal vehicle was at the request of or served any benefit to Walker Volkswagen.
As plaintiffs failed to offer any evidence to the contrary, on de novo review, we find that Mr. Masters was not in the course and scope of his employment at the time of the accident. Therefore, Walker Volkswagen and its insurer, Wausau Underwriters, are not liable for the alleged negligent acts of Mr. Masters.

Decree

Accordingly, the judgment of the trial court granting summary judgment in favor of defendants, Walker Volkswagen, Inc. and Wausau Underwriters Insurance Company d/b/a Liberty Mutual Insurance Company, is affirmed.

AFFIRMED.

. Plaintiffs also brought suit against Mr. Masters’ personal insurer, Progressive Paloverde Company d/b/a Progressive Insurance Company. Progressive was subsequently dismissed from the lawsuit on summary judgment. The dismissal of Progressive, however, is not before this Court on appeal.