J. CALDARERA & CO., INC.

VERSUS

TRACIE J. STIGLER, RUSHMORE LOAN
MANAGEMENT SERVICES LLC AND
SPECIALIZED LOAN SERVICING LLC

NO. 24-CA-402

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 848-685, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


February 26, 2025


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel


<u>**AFFIRMED**</u>
 **SMC**
 **SJW**
 **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
J. CALDARERA & CO., INC.
John W. Waters, Jr.
David E. Walle

COUNSEL FOR DEFENDANT/APPELLEE,
SPECIALIZED LOAN SERVICING LLC
Melissa S. Gutierrez Alonso

**CHEHARDY, C.J.**

Plaintiff-appellant, J. Caldarera & Co., appeals the trial court's grant of summary judgment in favor of defendant-appellee, Specialized Loan Servicing, LLC. For the reasons that follow, we affirm the trial court's judgment.

*Background*

After Tracie Stigler's Kenner home was damaged in Hurricane Ida and her first contractor walked off the job, J. Caldarera & Co. agreed to perform repairs on the home. According to Joe Caldarera, the company's owner, Ms. Stigler's insurer, Lighthouse Excalibur Insurance Company, approved his proposal. Lighthouse became insolvent, however, and Ms. Stigler's insurance claim was assumed by Louisiana's Insurance Guaranty Association (LIGA). Caldarera contacted LIGA in an effort to have LIGA pay the company directly for its work. Instead, LIGA paid the balance of insurance proceeds to Ms. Stigler and her mortgagee, Specialized Loan Servicing, LLC, via two checks.[1]

Caldarera demanded payment from Specialized Loan, which refused, having paid the insurance proceeds to Ms. Stigler. Caldarera then sued Ms. Stigler and her mortgagees, Rushmore Loan Management Services LLC, and defendant-appellee Specialized Loan, for the money allegedly owed for Ms. Stigler's home repairs.[2] In the petition, Caldarera asserts that "Specialized, by promising to make sure J. Caldarera would be paid, lulled Caldarera into not taking action to enforce its rights;" that "Stigler's misuse of the money owed to J. Caldarera was also knowingly facilitated by Rushmore and Specialized," and that all defendants

---

[1] According to Specialized Loan, it received the first check from LIGA on August 25, 2023 for $64,404.91, and the second check on September 15, 2023, for $28,599.67 for a total of $93,004.58. Both checks were made payable to "Tracie J. Stigler and Specialized Loan Servicing." Specialized Loan subsequently paid the entire proceeds to Ms. Stigler with two checks: one for $40,000, and the other for $53,004.58.

[2] Specialized Loan acquired Ms. Stigler's mortgage from Rushmore Loan Management Services LLC on April 1, 2023. Rushmore had acquired Ms. Stigler's mortgage from J.P. Morgan Chase Bank, N.A., her previous lender. According to its motion for summary judgment, Specialized Loan merged into Newrez LLC d/b/a Shellpoint Mortgage Servicing on May 2, 2024.

violated La. R.S. 14:202, a criminal statute. In addition to suing Stigler and her mortgage holders, Caldarera filed a Lien Affidavit in the Jefferson Parish mortgage records pursuant to Louisiana's Private Works Act, La. R.S. 9:4801, *et seq.*

Caldarera contends that Specialized Loan should have recognized the lien before the previous mortgagee, Rushmore, transferred the mortgage to Specialized Loan. Caldarera further asserts that Specialized Loan owed Caldarera a duty under La. R.S. 14:202 A, a criminal statute. La. R.S. 14:202 A states:

> No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction under the contract.

Specialized Loan answered Caldarera's lawsuit and, after discovery, filed a motion for summary judgment. Specialized Loan argued that it had no contract with Caldarera, and thus there can be no breach of contract. Further, Specialized Loan argued it had no duty to Caldarera to reserve money for Caldarera's payment; Ms. Stigler owes Caldarera the money, not Specialized Loan. Further, the criminal statute does not create civil liability and, even if it did, the statutory language requires that a contract exist, and Specialized Loan has no contract with Caldarera.

The trial court granted Specialized Loan's motion for summary judgment, finding that the statute does not grant a civil cause of action in Caldarera's favor. The trial court stated:

> To determine whether a criminal statute can serve as a basis for civil liability the Court looks to whether the statute is intended to protect the plaintiff from this type of harm. This statute was not intended to force the mortgage holder to pay off contractors before endorsing a check over to the homeowner.

In a single assignment of error, Caldarera argues on appeal that the trial court erred in dismissing its claim against Specialized Loan on the basis that La. R.S. 14:202 A does not provide a cause of action in favor of Caldarera.

*Discussion*

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

We review the denial of a motion for summary judgment de novo. *Robinson v. Otis Condominium Ass'n, Inc.*, 20-359 (La. App. 5 Cir. 2/3/21), 315 So.3d 356, 361, *writ denied*, 21-343 (La. 4/27/21), 314 So.3d 837. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.*

A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. *Alexander v. Parish of St. John the Baptist*, 12-173 (La. App. 5 Cir. 10/16/12), 102 So.3d 904, 909, *writ denied*, 12-2448 (La. 1/11/13), 107 So.3d 617. Facts are material if they

potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

The party moving for summary judgment must meet a strict standard of showing that the facts are clear and that any real doubt as to the existence of a genuine issue of material fact has been excluded. *Robinson*, 315 So.3d at 361. If the mover meets this burden, the burden shifts to the non-mover to present evidence demonstrating that material issues of fact remain. *Id.* "Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party [who has the burden of proof at trial] to produce evidence of a material factual dispute mandates the granting of the motion." *Portillo v. Progressive Paloverde Ins. Co.*, 13-815 (La. App. 5 Cir. 3/26/14), 138 So.3d 696, 698 (quoting *Wright v. Louisiana Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058, 1069-70).

Here, the material facts are not disputed. Specialized Loan states that it paid all of the insurance money it received from LIGA to Ms. Stigler. Although Caldarera's petition alleges that Specialized Loan "agreed J. Caldarera would be paid," and Caldarera's appellate brief argues that Specialized Loan "promised" Calderara would be paid, Caldarera concedes that it has no contractual privity with Specialized Loan. Thus, the sole issue for our consideration turns on the interpretation of the criminal statute and whether its language can impose civil liability.

Caldarera argues that even though La. R.S. 14:202 A is a criminal statute, it is designed to protect contractors by ensuring that they are paid by those who receive money for the repairs. Caldarera acknowledges that the statute is usually applied to disputes between a general contractor and its subcontractors or suppliers, but argues that the statutory language does not limit its application to only those circumstances. Caldarera further argues that criminal statutes can be

used by a court to establish the proper standard of care for assigning civil liability, when the violation of the criminal statute is the legal cause of civil damages to another, citing *Pierre v. Allstate Ins. Co.*, 257 La. 471, 494, 242 So.2d 821, 829-30 (La. 1970) (*on rehearing*).

On the other hand, Specialized Loan contends there is no possibility that it can be held liable for breach of contract, because there is no contract between it and Caldarera. The existence of a contract between the parties is the first element of a claim for breach of contract. *Mautner v. Ware*, 19-611 (La. App. 5 Cir. 5/27/20), 296 So.3d 1209, 1213-14. If a plaintiff cannot prove the terms of the contract, summary judgment is warranted on the claim. *Ronald's Lawn Serv., LLC v. St. John the Baptist Par. Sch. Bd.*, 19-244 (La. App. 5 Cir. 12/11/19), 284 So.3d 696, 700.

Further, Specialized Loan released all of the insurance proceeds to Stigler. Under the mortgage, Specialized Loan has the right to be listed as a payee on any insurance checks, and has the right to ensure that the insured property is repaired before releasing those insurance proceeds. Once Ms. Stigler's property was repaired, Specialized Loan could not continue holding the money. Indeed, La. R.S. 6:337 requires mortgage servicers to disburse insurance proceeds to borrowers to pay for repair work, which it did. Specialized Loan asserts that Ms. Stigler's failure to use those funds to pay Caldarera is an issue between Caldarera and Stigler, not Specialized Loan.

Additionally, Specialized Loan argues that Louisiana courts do not recognize grounds for civil liability from a criminal statute unless the Legislature expressly enacts such a cause of action, citing *Gugliuzza v. K.C.M.C., Inc.*, 606 So.2d 790, 793 (La. 1992) and *Laird v. Travelers Ins. Co.*, 267 So.2d 714, 717 (La. 1972). There is no such legislative enactment here.

Finally, Specialized Loan argues that the plain language of the statute applies to contractors or similarly situated persons who knowingly misapply money that was meant to pay subcontractors or workers. Specialized Loan acted only as the conduit for the insurance proceeds; it never assumed any responsibility for payment to a third party, and thus did not "handle money on account of" a construction project, as the statute requires, nor "knowingly" fail to pay a third party.

We agree with the trial court's interpretation of La. R.S. 14:202 A. This criminal statute does not create a duty on behalf of a mortgagee to assure that its borrower's contractors are paid. The language states: "No person … *who has received money on account of a contract* for the construction, erection, or repair of a building," which contemplates a contractual relationship between the disputing parties. Specialized Loan did not receive the insurance money payable for damages to Ms. Stigler's home "on account of a contract for the construction" of Ms. Stigler's home. The contract is between Caldarera and Ms. Stigler, not Caldarera and Specialized Loan. Specialized Loan's receipt of insurance proceeds arose solely from Ms. Stigler's agreement with Specialized Loan to protect its interest by naming it in her homeowner's policy as an additional loss payee. We do not read La. R.S. 14:202 as establishing a civil duty on behalf of a mortgagee to third parties.

Finally, Caldarera's interests are protected due to its lawsuit against Ms. Stigler and the lien it filed in the Jefferson Parish records against Ms. Stigler's property on February 14, 2023. Caldarera's remedy is against Ms. Stigler, not Specialized Loan.

CONCLUSION

After de novo review, we find no error in the trial court's decision to grant

Specialized Loan's motion for summary judgment, dismissing J. Caldarera & Co.,

Inc.'s claims against it. The judgment is affirmed.

7

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-402

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DAVID E. WALLE (APPELLANT)
CARLI M. WORSHAM (APPELLEE)
ERIC J. SIMONSON (APPELLEE)

JOHN W. WATERS, JR. (APPELLANT)
KATIE L. DYSART (APPELLEE)
MELISSA S. GUTIERREZ ALONSO
(APPELLEE)

CAMALLA M. KIMBROUGH (APPELLEE)
ANGELA M. HESS (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED